**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**GEORGANNE BIXLER**, *et al.*,

Plaintiffs,

vs. No. **CIV 08-676 MCA/DJS**

**J. DOUGLAS FOSTER**, *et al.*,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' response [Doc. 97] and the remaining Defendants' replies [Doc. 98, 99, 101] to the *Order to Show Cause* set forth in the concluding section of the *Memorandum Opinion and Order* [Doc. 96] filed on March 31, 2009. Having considered the parties' submissions, the applicable law, and otherwise being fully advised in the premises, the Court determines that Plaintiffs have not shown good cause why their claims against the remaining Defendants should not be dismissed under Fed. R. Civ. P. 12(b)(6) or 12(c), and the Court declines to exercise supplemental jurisdiction over the counterclaims asserted by Defendants Michael Duncan and Sam Sapper. For the reasons set forth below, Plaintiffs' claims against the remaining Defendants are dismissed with prejudice, and the counterclaims of Defendants Michael Duncan and Sam Sapper are dismissed without prejudice.

The history of this litigation is set forth in the Court's prior *Memorandum Opinion and Order* [Doc. 96] filed on March 31, 2009. Following the Court's disposition of the

motions discussed in that prior ruling, there remains one unserved Defendant (Jim Malone) and four Defendants who have appeared in this matter (Paul Fish, Fred Pete Gibson III, Michael Duncan, and Sam Sapper). Plaintiffs assert a federal RICO claim against these Defendants, while Defendants Michael Duncan and Sam Sapper assert counterclaims against Plaintiffs under state law.

The Court's prior *Memorandum Opinion and Order* [Doc. 96] expressed concern that Plaintiffs' claims against the remaining Defendants, as well as those whom Plaintiffs would attempt to join or substitute as additional Defendants, are subject to dismissal on at least two of the grounds that were successfully raised by Defendants UKL, Comeau, and Foster, namely: (1) as minority shareholders in METCO, Plaintiffs lack standing to bring a claim under the RICO statute for an injury to the company's business or property that has only an indirect impact on their interests as shareholders; and (2) the transactions at issue here cannot serve as the predicate acts necessary to support a civil RICO claim because they involve alleged fraud in the purchase or sale of securities, and the Private Securities Litigation Reform Act (PSLRA) precludes a civil RICO claim under these circumstances. Accordingly, the Court ordered Plaintiffs to show cause in writing by no later than April 10, 2009, as to why their claims against the remaining Defendants should not be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) or 12(c) on these grounds. The Court also permitted the remaining Defendants to submit reply briefs on this question. The parties thereafter complied with the briefing schedule set by the Court, and such briefing was completed on April 16, 2009. [Doc. 97, 98, 99, 100, 101.]

Plaintiffs' response to the Court's order does not show good cause as to why their claims against the remaining Defendants should not be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) or 12(c). Instead of focusing on the legal authorities that the Court cited in support of its prior ruling, Plaintiffs' response simply accuses the Court of being "one-sided" and reminds the Court of its obligation to deliver "an unbiased application of the law in each case regardless of politics." [Doc. 97, at 2.]

The Court takes this obligation seriously, and that is why the Court's analysis begins by examining whether the prerequisites for an exercise of federal jurisdiction over this case are satisfied: Is there a "case or controversy" within the meaning of Article III of the United States Constitution? Have Plaintiffs identified a "federal question" sufficient to confer subject-matter jurisdiction under 28 U.S.C. § 1331? Does the federal RICO statute invoked as the basis for this Court's jurisdiction provide Plaintiffs with a viable cause of action against the Defendants? Have the parties' efforts to litigate a claim under this statute complied with the applicable rules of procedure?

Answering these preliminary questions is important precisely because the limitations they impose on this Court's authority are designed to protect against undue political influence and prevent the Court from improperly meddling in private business affairs that are normally governed by state law. See generally Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 66-67 (2004) (discussing the rationales for imposing limitations on judicial review); Jennings v. City of Stillwater, 383 F.3d 1199, 1211 (10th Cir. 2004) (noting that federal courts are ill-suited to serve as "general-purpose second-guessers" of executive and

administrative decision-making). The Court's obligation to proceed in a thoughtful and unbiased manner requires these questions to be answered first in order to determine whether the law warrants a more detailed review of the evidence and arguments on which Plaintiffs wish to focus.

Plaintiffs' next contention is that the Court applies the wrong standard of review in determining that their claims can be dismissed at this juncture based on a review of the pleadings and motion papers. In particular, Plaintiffs would have the Court review the evidence they have submitted under the summary-judgment standard provided in Fed. R. Civ. P. 56. At the same time, they have filed exhibits for the first time with their reply brief and opposed the efforts of Defendants Fish and Gibson to file additional exhibits in support of a motion for summary judgment [Doc. 68] on the grounds that the Court should not consider these Defendants' evidence until they have complied with Plaintiffs' discovery requests. [Doc. 77.] Plaintiffs cannot have it both ways by insisting that the Court review their evidence in detail while thwarting Defendants' efforts to present contrary evidence.

Instead of taking that approach, the Court has elected to base its rulings on the pleadings and motion papers. Such a limited review under Rule 12(b)(6) and 12(c) is appropriate here because of concerns that weigh against conducting a detailed examination of the evidence before the parties are given the opportunity to engage in more comprehensive discovery, as well as concerns arising from the potential costs and burdens associated with undertaking that discovery. Such concerns were echoed in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and none of the authorities cited in Plaintiffs' response

provide a sound basis for applying a different standard. To the extent that documents referenced in Plaintiffs' pleading and central to their case are considered, they also do not change the applicable standard of review. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

In addition to challenging the standard of review, Plaintiffs object to the Court's use of the word "dissatisfied" to summarize their position on the second page of the prior *Memorandum Opinion and Order* [Doc. 96, at 2] filed on March 31, 2009. While the Court did not use this word with the intent to diminish the tenor of Plaintiff's *Complaint* in any way, the Court's conclusion that Plaintiffs' claims are subject to dismissal is not based on this single word choice. Rather, the Court's analysis is based on a comparison between the words that *Plaintiffs* chose to use in their *own* pleading and the legal authorities which overwhelmingly conclude that those words do not amount to a claim upon which relief can be granted under the federal RICO statute.

Turning to the dispositive issues of RICO standing and the preclusive effect of the PSLRA, the Court has reviewed the authorities cited in Plaintiff's *Response* [Doc. 97] to the Court's prior ruling and remains unpersuaded that they require a different result with respect to Plaintiff's claims against Defendants Fish, Gibson, Duncan, Sapper, or Malone. Even if Plaintiffs were permitted to strike the words "securities fraud" from their pleading, the Court would nevertheless conclude that Plaintiffs' RICO claim is unavoidably premised on allegations of fraud in the purchase or sale of securities which allegedly caused harm to the company's business or property. Therefore, Plaintiffs lack standing to bring a RICO claim

against any Defendant, and the PSLRA precludes such a claim in this instance.

These conclusions require the dismissal of all Plaintiffs' remaining claims in this case, and therefore it is unnecessary to reach the other elements of a RICO claim that are briefed in Plaintiffs' response. [Doc. 97.] The dismissal of Plaintiffs' remaining claims on the grounds stated above also renders the other pending motions moot. [Doc. 64, 68, 81, 87.] In particular, Plaintiffs cannot prevail on their application for injunctive relief because, apart from the jurisdictional and prudential limitations that restrict a federal court's authority to intervene in pending state-court proceedings, there is no likelihood that Plaintiffs will succeed on the merits of their RICO claim.

Finally, the same limitations on the exercise of federal jurisdiction which bar Plaintiff's federal RICO claim also counsel against exercising jurisdiction over the counterclaims asserted by Defendants Duncan and Sapper. Such counterclaims arise under state law and are before this Court only by virtue of the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having granted summary judgment on all of Plaintiff's claims arising under federal law, the Court declines to exercise supplemental jurisdiction over the counterclaims asserted by Defendants Duncan and Sapper. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

In so declining, the Court has considered whether the nature and extent of pretrial

proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction. See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995). The Court is not convinced that these factors weigh in favor of retaining jurisdiction. In this regard, the Court notes that parallel proceedings are already pending in state court, and the counterclaims asserted in this action involve "a novel or complex issue of State law," 28 U.S.C. § 1367(c)(1), insofar as the state courts have yet to decide whether to apply Twombly to the alternative-pleading rules for prima facie tort. Notions of comity and federalism demand that a state court try such claims in the first instance, absent compelling reasons to the contrary. See Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Defendants Paul Fish, Fred Pete Gibson III, Michael Duncan, Sam Sapper, and Jim Malone are dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c), and the counterclaims of Defendants Michael Duncan and Sam Sapper are dismissed without prejudice based on the Court's decision not to exercise supplemental jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims against Defendants Paul Fish, Fred Pete Gibson III, Michael Duncan, Sam Sapper, and Jim Malone are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the counterclaims asserted by Defendants Duncan and Sapper are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the following motions are **DENIED AS MOOT**:

1. Defendant *UKL's Motion for Stay of Initial Disclosures and Discovery Until After Decision on Dispositive Motions Pursuant to the Court's Inherent Authority and Fed. R. Civ. P. 26(c)* [Doc. 64] filed on November 3, 2008;

2. the *Motion for Leave to File Exhibits in Excess of Fifty Pages of Defendants Paul Fish and Fred "Pete" Gibson III* [Doc. 68] filed on November 10, 2008;

3. *Defendant Michael Comeau's Opposed Motion for Mandatory Stay of Discovery Pursuant to the Private Securities Litigation Reform Act of 1995* [Doc. 81] filed on December 11, 2008; and

4. *Plaintiffs' Application for Permanent Injunction* [Doc. 87] filed on February 20, 2009.

**SO ORDERED** this 30th day of April, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge